# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **FREEMAN LAKES POULTRY, LLC,** | |
| **Plaintiff,** | 4:25CV3038 |
| vs. | |
| **SOUTHERN TRUST INSURANCE COMPANY,** | **ORDER TO SHOW CAUSE** |
| **Defendant.** | |

This matter comes before the Court after review of the docket. Plaintiff filed a Complaint against the defendant, Southern Trust Insurance Company, on February 26, 2025. (Filing No. 1). On March 25, 2025, Plaintiff filed a summons return purporting to show the defendant corporation's registered agent located in Macon, Georgia, was served by certified mail on March 10, 2025. (Filing No. 6). The defendant has not appeared or filed an answer, and no further action has been taken in this case.

Rule 4(h) provides that a domestic corporation must be served "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant[.]" Fed. R. Civ. P. 4(h). Rule 4(e)(1) for serving an individual provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," which in this case is Nebraska or Georgia.

Nebraska law provides that a corporation may be served by certified mail upon its registered agent. See Neb. Rev. Stat. § 25-509.01. When service is made by certified mail, the plaintiff must file the signed receipt. See Neb. Rev. Stat. § 25-501.01(1)(c). Conversely, "[t]here is no provision in Georgia law which authorizes a party to serve a defendant corporation directly by certified or registered mail." *KMM Indus., Inc. v. Prof. Ass'n, Inc.*, 297 S.E.2d 512, 513 (Ga. Ct. App. 1982); see also, e.g., *Cooley v. Ocwen Loan Serv., LLC*, 729 F. App'x 677, 682 (11th Cir. 2018) ("Georgia law, like the federal rules, requires in-person service and makes no provision for

service by mail."); Ga. Code Ann. § 9-11-4(e)(1)(A) (providing for personal service of summons and complaint upon a corporation's president or registered agent). Rather, Ga. Code Ann. § 14-2-504(b) "requires a plaintiff to use reasonable or due diligence in serving the registered agent of the corporation before resorting to service by registered mail, certified mail, or overnight delivery." *B&B Quick Lube, Inc. v. G&K Servs. Co.*, 641 S.E.2d 198, 300 (Ga. Ct. App. 2007), *overruled on other grounds by Giles v. State Farm Mut. Ins. Co.*, 765 S.E.2d 413 (Ga. Ct. App. 2014).

After review, the Court finds Plaintiff's proof of service is insufficient to establish that the defendant was properly served. Plaintiff's proof of service states summons was served upon Defendant's registered agent in Macon, Georgia by certified mail. (Filing No. 6). Plaintiff included the USPS tracking information that only reflects it was "Delivered, Front Desk/Reception/Mail Room" on March 10, 2025. Georgia law requires personal service of a corporation's registered agent, and Nebraska law requires the return receipt to show "to whom and where delivered" with a *signed* receipt attached. See Neb. Rev. Stat. § 25-501.01(1)(c). The proof of service of the defendant thus does not comply with Nebraska or Georgia law.

Rule 4(m) of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Because there is no evidence Defendant has been served within 90-days of the Complaint, Plaintiff must show good cause for the failure. Accordingly,

**IT IS ORDERED**: Plaintiff shall have until **June 24, 2025,** to show cause why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) or take other appropriate action. The failure to timely comply with this order may result in dismissal of this action without further notice.

Dated this 27th day of May, 2025.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge